(35 South. 784.)

No. 14,836.

LOUISIANA WESTERN R. CO. v. CROSS-MAN'S HEIRS et al.

(Jan. 4, 1904.)

EXPROPRIATION PROCEEDINGS—REPORT OF COMMISSIONERS—MODIFICATION —SETTING ASIDE.

1. The charter of plaintiff company (Act No. 21, p. 263, of 1878) provides that upon the report of the commissioners the judge of the district court shall confirm the report, "modify" it, or refer it back to the present or new commissioners.

The word "modify" was not used in the sense of authority to increase the amount found by the commissioners.

2. The report of commissioners, as with a verdict of a jury, may be set aside on the ground that the amount allowed is too much. It cannot, if deemed too small, be increased. This can be done only by the commissioners.

3. On appeal the authority is not as restricted.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Denis Miller, Judge.

Action by the Louisiana Western Railroad Company against the heirs of M. J. Crossman and others. Judgment for defendants, and plaintiff appeals. Modified.

Denègre, Blair & Denègre and Pujo & Moss, for appellant. Thomas T. Taylor, for appellees.

BREAUX, J. Plaintiff sued for a right of way on and over the lands of defendants.

The company is the owner of a railroad extending from Lafayette, La., to the western boundary of the state.

The purpose of this railroad is to acquire a right of way for a branch line extending from a point at or near the city of Lake Charles to Lake Arthur, in the parish of Calcasieu.

Commissioners were appointed to appraise the property which plaintiff seeks to expropriate for this right of way.

The value of the land sought to be expropriated for this branch road and the extent of the damages present the questions at issue.

The other questions involved are corollaries of these two, viz., value and amount of damages.

The Legislature delegated to the plaintiff authority to obtain land needful for its right of way—on petition of the company for the appointment of commissioners as was done in this case.

The commissioners were appointed as before mentioned. They heard witnesses and arrived at a decision in regard to the value of the land.

They presented their report to the court, in which they recite, in substance, that they estimate the damages to property described in plaintiff's petition, as belonging to the heirs of M. J. Crossman, as follows, viz.:

For 4.42 acres in Sec. 35, T. 9 S., R. 8 W., at $25 per acre, $110.50; for depreciation of values of 15 acres, located west of the right of way, at $5 per acre, $75; total, $110.50+$75=$185.50.

The damages to the property, described in plaintiff's petition, of J. B. Watkins, they appraised as follows, viz.:

For 3.3 acres in Sec. 7, T. 10 S., R. 7 W., $20 an acre, $66; for depreciation of value of 21 acres, located west of the right of way, $2.50 per acre, $52.50; total, $66+$52.50=$118.50.

In another section, for another strip of land of this owner, $76 were allowed, and the commissioners returned that they had found no damages for depreciation of this land.

Defendants excepted to the report of the commissioners, and opposed its approval by the court, on the ground, mainly, that the amount allowed was inadequate, contrary to the evidence, and worked an injustice. Op-

ponents charge that the commissioners were misled by inadmissible testimony, and were prompted by prejudice, and leaned in their views against one of the opponents.

The judge of the district court, after having considered the award of the commissioners, increased the amount allowed as follows:

To the heirs of M. J. Crossman he allowed the sum of $400.50, and to J. B. Watkins he allowed the sum of $430.

From the judgment the plaintiff prosecutes this appeal.

At the outset of our opinion we were called upon, in view of the differences in the estimate of value of the land, and the amount of damages for depreciation, between the trial judge and the commissioners, to consider the effect to be given to the return of the latter.

The charter of the plaintiff company (Act No. 21, p. 263, of 1878, § 8) declares that, upon the report of the commissioners, the judge shall have entered such an order as he deems just, on the lines heretofore mentioned, confirming the report, modifying it, or in the alternative, if by him deemed proper, he is authorized to order another appraisement to be made by those commissioners, or he may appoint other commissioners to make the reappraisement.

We have seen that the court, in the exercise of its authority, was of the view that it was within its discretion to increase the amount.

The word "modify," as written in the statute, we consider as controlling; that is, the judge may modify the return of the commissioners.

The charter provides that the trial judge may modify the return.

This of itself leaves scant room for the inference that it is within the discretion of the judge of the first instance to increase the amount.

From the word "modify" we are not led to imply that the court has authority to find another and an independent amount, but the authority is exclusively one to "modify" the amount allowed. Moreover, the method here adopted by the Legislature is one which prevails at common law in some of the states.

The views of the courts vary in these (the common-law) states. The weight of the decisions, however, does not sustain the view that it is the intention, in using this word, to enlarge or increase an amount allowed, instead of, as expressed in the statute here, "to modify." See word "Modify," 20 Am. & Eng. Enc. of Law (2d Ed.) p. 836.

In opinions containing this word, the courts have not used it in the sense of completely setting aside the thing to be modified.

The lexicographers define it in the sense of limiting or reducing the thing to be modified in extent or degree.

If the court in our state, under the statute, deems that the amount is insufficient, then a reappraisement by the same commissioners should be made, or other commissioners appointed, and in either case such directions should be given as seem proper.

This was not done. On the contrary, part of the award was entirely changed and increased, and in addition an amount was awarded in regard to certain items that had not been allowed by the commissioners.

The report of the commissioners was made in compliance with the statute, and what is needful to a complete report was stated. There is an explicit finding.

In the states in which the common law governs, such a report is accepted or rejected. No part is susceptible of acceptance, and the remainder rejected. Lewis on Eminent Domain, p. 500.

The report or verdict may be set aside on the "ground that the damages awarded are too much or too little."

And in setting aside a report on the question of damages, the court will be governed by the same principles as obtain in the case of the verdict of jurors in common-law suits. Id., supra.

This compiler says further that "where there is evidence to sustain the verdict, and the testimony is conflicting, the court will not interfere, and especially is this the case where the commissioners or jury have viewed the premises."

In the case before us for decision the commissioners had viewed the premises.

The provision of the charter, before referred to, relative to expropriation, was evidently borrowed, as we said before, in substance, from the rule which obtains at com-

mon law. The interpretation of its terms by courts under 'the common law is entitled to great weight.

It is left to the jury or commissioners. The finding, return, or report shall not be amended by increasing the amount; for nowhere have we found that in or under the common-law system the court can increase the amount of the damages allowed.

The text of plaintiff's charter is clear enough on the subject, and in accord with the decisions to which Lewis refers in his work on Eminent Domain. That text reads: "The court, in case the report is not satisfactory, shall order a recommittal to the same or new commissioners, in whole or in part, to make such reappraisal, and in either case giving such directions as the court shall deem proper and just."

The court did not choose to submit the question to the same commissioners or others, but exercised the right, as we have before stated, of increasing the amount. This, in our view, cannot be done. As in a jury trial, the court has the discretion to grant a new trial, but not to amend the award by the jury by increasing the amount.

The Supreme Court is not as limited in its jurisdiction, for the statute provides that it may make "such order and take such further proceedings, or give direction therein as it shall see fit and may enforce the same."

But this court is constrained to decline taking any further steps, as it is clearly of the opinion that the report of the commissioners is entitled to due weight, and that it is reasonably just. In that view, it will not remand the case for further proceedings, particularly as neither party asks it.

It is therefore ordered, adjudged, and decreed that the judgment of the district court is amended by striking from the judgment the increased amount · allowed by the district court, and by substituting the amount found by the commissioners appointed by the court, to wit, as to the Crossman heirs, allowing them $25 an acre, aggregating $110.50 for 4.42 acres in Sec. 35, T. 9 S., R. 8 W., and $5 per acre, aggregating $75; total, $185.50.

As to J. B. Watkins, as follows, to wit: For 3.3 acres in Sec. 7, T. 10 S., R. 7 W., for right of way, $20 per acre, aggregating $66; for depreciation of value of 21 acres

located west of proposed right of way, $2.50 per acre; total, $118.50. For further damages, $76.

With this amendment, the judgment is affirmed; costs of appeal to be paid by appellee.